## O. P. WATSON v. J. P. MONTGOMERY.

(No. 6456.)

APPEAL from Eastland County. Opinion by WILLSON, J.

J. H. DAVENPORT and B. F. COTTON, counsel for appellants.

No counsel appeared for appellee.

§ 74. *Garnishment; admissions of garnishee admissible to contradict his answer.* Appellee, having a judgment against Smith, garnished appellant, who answered that he was not indebted to Smith, and had none of Smith's effects in his possession. Appellee controverted appellant's answer, and, upon trial of the issue, the court found that, at the time of the service of the writ of garnishment upon appellant, he had in his possession sixteen head of cattle, the property of said Smith, and that, after the service of said writ, appellant delivered said cattle to said Smith; that said cattle were of the value of $120; and thereupon the court rendered judgment in favor of appellee against appellant for said sixteen head of cattle, or, in case they could not be found, for their value, $120. On the trial, over objections of appellant, appellee was permitted to prove admissions made by appellant which contradicted his answer to the garnishment, said admissions being that, at the time the writ of garnishment was served upon him, he had in his possession sixteen head of cattle, the property of said Smith, and also admissions made by appellant about the time the garnishment was served that he owed Smith thirty or thirty-two head of cattle. There was no error in admitting this testimony. A party's admissions are evidence against him, and we can see no reason why the answer of a garnishee may not be contradicted, and the credibility of it thus impeached by proof of admissions made by him inconsistent with the statements in his

answer. There is ample evidence to support the findings of the court that the answer of appellant was successfully contradicted, and that appellant was liable to appellee for the value of the sixteen head of cattle. But in the record before us there is not a particle of evidence as to the value of said cattle, and therefore the finding and judgment of the court in favor of the appellee for $120 cannot be sustained, and for this insufficiency of evidence the judgment is reversed and the cause remanded.

April 19, 1890.            Reversed and remanded.